United States District Court
Southern District of Texas
**ENTERED**
October 09, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEX NORIEGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-19-3549 |
| | § | |
| BACKCHINA LLC *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the Motion to Dismiss or in the Alternative Strike (Document No. 14). Having considered the motion, submissions, and applicable law, the Court determines the motion should be denied without prejudice.

Plaintiff Alex Noriega ("Noriega") moves for dismissal of the counterclaim asserted by Defendant BackChina LLC ("BackChina") pursuant to Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court has reviewed BackChina's counterclaim and finds it does not meet the pleading requirements set forth in the Federal Rules of Civil Procedure. However, courts generally grant an opportunity to amend a deficient pleading before dismissing with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Therefore,

BackChina is granted leave to amend the counterclaim. Accordingly, the Court hereby

**ORDERS** that the Motion to Dismiss or in the Alternative Strike (Document No. 14) is **DENIED WITHOUT PREJUDICE.**[1] The Court further

**ORDERS** that BackChina shall file an amended counterclaim that is compliant with the Federal Rules of Civil Procedure within fourteen days from the date of this Order. Failure to file an amended counterclaim within fourteen days will result in dismissal of BackChina's counterclaim without further notice.[2]

SIGNED at Houston, Texas, on this ___8___ day of October, 2020.

DAVID HITTNER
United States District Judge

---

[1] The Court notes Sadowski further and alternatively contends the counterclaim should be stricken as untimely. However, at the time BackChina filed the counterclaim, no scheduling order had been issued in this case. The Court finds no substantial reason to deny leave to amend at this stage. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (explaining leave to amend should be granted when scheduling order's date to amend has not expired unless there is a "substantial reason" to deny leave to amend).

[2] Also pending before the Court is Motion for Leave to File Amended Counter Complaint (Document No. 21). In light of the Court's Order, the motion is denied as moot.